**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUANE PALM,<br><br>Plaintiff,<br><br>v.<br><br>E. PEREZ, *et al.*,<br><br>Defendant. | Case No. 1:25-cv-01045-JLT-EPG (PC)<br><br>ORDER CONVERTING MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 22)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER SETTING DISPOSITIVE MOTION DEADLINES<br><br>(ECF NO. 27) |

Plaintiff Duane Palm is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). This case now proceeds on Plaintiff's claims that Defendants E. Perez and J. Guerra were deliberately indifferent to his safety needs by housing him in a prison where he was at an elevated risk of contracting Valley Fever. (ECF No. 14 at 2).

On September 8, 2026, Defendants filed a motion to dismiss Plaintiff's first amended complaint. (ECF No. 22). Defendants also filed a request for judicial notice regarding California Department of Corrections and Rehabilitation's ("CDCR") Health Care Department Manual and patients designated as "Restricted-Cocci Area 2." (*Id.* at 4; ECF No. 22-2 at 4-34). In his opposition brief, Plaintiff discussed and attached documents related to his health care grievance forms, his Classification Chrono, and an August 3, 2006 memorandum regarding the housing of inmate-patients at high risk of Valley Fever. (ECF No. 25 at 12-49).

Because both parties have asked that the Court to consider documents outside of the amended complaint in order to resolve the motion, and because it is not clear from the face of the amended complaint whether Defendants are entitled to dismissal based on qualified immunity, the Court will convert the motion to dismiss to a motion for summary judgment and provide the parties an opportunity to submit additional argument or evidence if they choose to do so.

## I. BACKGROUND

Plaintiff filed his first amended complaint on March 23, 2026. (ECF No. 11). He sued five Wasco State Prison employees, including Defendants Perez and Guerra. (*Id.* at 2-3).

Plaintiff alleged that he "is African American" and "CDCR had an exclusion policy restricting African American inmates and those with cocci 2 risk factors from housing in hyperendemic institutions such as [Wasco] and Pleasant Valley [PVSP] due to Valley Fever risk." (*Id.* at 4). Plaintiff was previously housed at PVSP but was transferred from there under the "Valley Fever exclusion criteria." (*Id.*). "Plaintiff has a documented high risk chrono in his central file reflecting such prior transfer to [Wasco]." (*Id.*).

Plaintiff indicated that, while at Wasco, he went before the classification committee for transfer. Defendants Perez and Guerra had access to his central file, "including documentation reflecting Plaintiff was African American and had cocci 2 risk restrictions." (*Id.*). He also stated that he "had a documented high-risk chrono and prior transfer due to cocci exclusions policy" and "Perez and Guerra had access to and reviewed [his] classification file." (*Id.* at 6). Plaintiff alleged that Defendants Perez and Guera knew that Wasco was located "in a hyperendemic region" for Valley Fever. (*Id.* at 4). However, despite knowledge of Plaintiff's high-risk status and the CDCR exclusion guidance, Plaintiff alleged that his transfer was delayed for over a year, and he remained housed at Wasco for 15 months, ultimately contracting Valley Fever. (*Id.*).

On March 30, 2026, the Court issued findings and recommendations that the case proceed only on Plaintiff's Eighth Amendment claims against Defendants Perez and Guerra for

deliberate indifference to safety needs. (ECF No. 13). On May 15, 2026, the District Judge adopted in full the findings and recommendations. (ECF No. 14).

On September 8, 2026, Defendants filed a motion to dismiss Plaintiff's claims based on qualified immunity. (ECF No. 22). Within their motion, Defendants requested the Court take judicial notice that:

> California Department of Corrections and Rehabilitation's (CDCR) Health Care Department Manual states that patients who are designated as "Restricted-Cocci Area 2" are only precluded from endorsement to Avenal State Prison and Pleasant Valley State Prison. Accordingly, inmates who are designated as "Restricted-Cocci Area 2" are eligible to be housed at Wasco State Prison.

(*Id.* at 4). Defendants included the declaration of defense counsel, Deputy Attorney General Evan Medina, and attached Health Care Department Operations Manual, Chapter 1 - Health Care Governance and Administration, Article 2 – Health Care Program Governance, as Exhibit A. (ECF No. 22-2 at 1-35).

Defendants argue that, although Plaintiff had a "cocci-2" restriction in his chrono, Plaintiff was not restricted from being housed at Wasco. Defendants then argue that, in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), the Ninth Circuit determined that similar claims are barred by qualified immunity. As such, Defendants ask this Court to find that they are entitled to qualified immunity and dismiss Plaintiff's first amended complaint without further leave to amend. (ECF No. 22).

Plaintiff filed his brief in opposition on October 5, 2026. (ECF No. 25). In his brief, Plaintiff acknowledges "*Hines* is substantial adverse authority," but argues that the "narrower issue is whether *Hines* requires dismissal with prejudice even where the pleaded facts concern particular officials who allegedly had individualized notice of [his] medical risk, personally participated in a committee that initiated a transfer and allegedly failed to take reasonable steps within their responsibilities while [he] remained exposed." (*Id.* at 1). Plaintiff argues that "[a]t [a] minimum, the newly obtained classification records demonstrate that amendment would not be futile and that dismissal with prejudice is unwarranted." (*Id.*). Plaintiff then attaches his health care grievance forms, his Classification Chrono, and an August 3, 2006 memorandum

regarding the housing of inmate-patients at high risk of Valley Fever and asks the Court to consider the documents in making its recommendation as to Defendants' motion to dismiss. (*Id.* at 12-49).

On October 23, 2026, Defendants filed their reply brief, discussing Plaintiff's attached documents and arguing that they fail to demonstrate that leave to amend would not be futile. (ECF No. 26).

On November 18, 2026, Plaintiff filed a motion seeking an order setting deadlines for filing dispositive motions "so that he does not inadvertently default." (ECF No. 27).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense...appears on its face." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007). "[E]ven when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face." *El-Shaddai v. Zamora,* 833 F.3d 1036, 1044 (9th Cir. 2016) (quoting *Thompson v. Drug Enf't Admin*., 492 F.3d 428, 438 (D.C. Cir. 2007)).

"Generally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Group., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (footnote and citation omitted). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018).

"When presented with 'matters outside the pleadings' in connection with a motion to dismiss for failure to state a claim under Rule 12(b)(6) …, the district court may choose to exclude such extrinsic matters and address the motion under the applicable Rule 12 standards, or it may convert the motion into "one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d)." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1059 (9th Cir. 2023). *See Anderson v.*

*Angelone,* 86 F.3d 932, 934 (9th Cir. 1996) (finding conversion of motion to dismiss into one for summary judgment proper when the district court expressly relied upon Regulations nowhere in the record except for Defendant's affidavit).

"Before summary judgment may be entered against a party, that party must be afforded both notice that the motion is pending and an adequate opportunity to respond." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). "Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify (a party's) opposition' to the motion. Fed.R.Civ.P. 56." *Id.* "Where the non-moving party is appearing *pro se,* the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." *Garaux v. Pulley*, 739 F.2d 437, 439–40 (9th Cir. 1984).

## III. ANALYSIS

Here, both parties have submitted documents in connection with Defendants' motion to dismiss, and both have argued that the questions of whether Defendants are entitled to qualified immunity and whether amending the complaint would be futile require the Court to evaluate documents submitted for judicial notice. Specifically, Defendants ask the Court to rely on excerpts from Chapter 1 of the Health Care Department Operations Manual to determine whether Wasco is within in a cocci-restricted area, and Plaintiff has asked the Court to rely on his Classification Chrono to determine what his cocci restrictions were, when Defendants knew about his restrictions, and when he was actually transferred out of Wasco. Thus, neither party argues that the issue of qualified immunity can be determined on the face of Plaintiff's first amended complaint.

Accordingly, the Court considers whether it should proceed to determine the Motion to Dismiss and recommend denial of that motion to the extent that the issue is not clear on the face of the complaint, or convert the motion to dismiss to a motion for summary judgment.

Given that the legal issue is briefed in the parties' submissions and that both parties ask the Court to consider documents submitted and considering that neither party has asked for an

opportunity to take further discovery on this issue, the Court finds that conversion to a motion for summary judgment is proper. *See Anderson v. Angelone,* 86 F.3d at 934.

Accordingly, the Court will convert Defendants' motion to dismiss into a motion for summary judgment. Both parties may submit additional argument or evidence if they choose to do so by **no later than January 8, 2027**. Alternatively, either party may file a request to hold the motion in abeyance to allow for further discovery on this issue.

## IV. NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to *Rand v. Rowland*, 154 F.3d 952, the Court hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motion for summary judgment.

**NOTICE AND WARNING:**

**The Court has converted Defendants' partial motion to dismiss into a motion for summary judgment. The motion for summary judgment seeks to have claims in your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, result in dismissal of certain claims from your case.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will result in dismissal of certain claims in your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as**

**provided in Rule [56(c)],[1] that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, claims subject to Defendants' motion will be dismissed without a trial.**

**EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

**You are responsible for filing all evidentiary documents cited in the opposing papers. Local Rule 260(b). If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." <u>See also</u> Fed. R. Civ. P. 56(d).**

## V. PLAINTIFF'S MOTION FOR AN ORDER SETTING DEADLINES FOR FILING DISPOSITIVE MOTIONS

On November 18, 2026, Plaintiff filed a motion seeking an order from the Court "notifying him of the deadlines for filing dispositive motions so that he does not inadvertently default." (ECF No. 27). To the extent the Court has set a briefing schedule herein, Plaintiff's motion is granted. However, if other scheduling orders become necessary, the Court will issue those orders in due course. Therefore, to the extent that Plaintiff seeks further case scheduling dates, Plaintiff's motion is denied as premature.

Accordingly, Plaintiff's motion for an order setting deadlines for filing dispositive motions is GRANTED IN PART and DENIED IN PART.

\\\

\\\

\\\

---

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

## VI. CONLUSION AND ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (ECF 22) is converted into a motion for summary judgment; and
2. **No later than January 8, 2027**, each party may file an additional brief and/or additional evidence they wish to be considered related to Defendants' argument that, pursuant to *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), they are entitled to qualified immunity for Plaintiff's claims. If no additional evidence or argument is received, the Court will resolve the motion on the papers already submitted in connection with Defendants' motion to dismiss.
3. Alternatively, the parties may file a request that the Court hold this motion in abeyance in order to permit the parties to take discovery needed to resolve this legal issue. Any such request should provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.
4. Plaintiff's motion for an order setting deadlines for filing dispositive motions is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: **November 25, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE